Louis J. Brecker v. Commissioner. Louis J. Brecker and Dorothy Brecker v. Commissioner.
Brecker v. Commissioner
Docket Nos. 109593, 109594.
United States Tax Court
1943 Tax Ct. Memo LEXIS 376; 1 T.C.M. (CCH) 846; T.C.M. (RIA) 43154; March 31, 1943
*376 Norman M. Behr, Esq., for the petitioner. Carl A. Phillips, Esq., and E. C. Algire, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined deficiencies in petitioner's income tax of $269.29 for 1938, and $1,627.95 for 1939. In the early part of 1938, petitioner owned 20 voting common shares, out of 60 outstanding, and 50 nonvoting preferred shares, out of 1,160 outstanding, of B.M.O. Corporation, the cost basis of which to him were $20,000 for the common and $7,500 for the preferred. B.M.O. owed him $20,200. B.M.O. went through a 77B reorganization in 1938, coming out as Intcas Corporation. Its new shares were 60 voting common, 437.25 nonvoting first perferred, 1,501.1165 nonvoting second preferred, and 1,160 nonvoting third preferred. Of these new shares, all the common were issued to old common shareholders in exchange for their old common; 225 first preferred were issued to old shareholders for cash, of which 75 were purchased by petitioner, and 212.25 were purchased by new shareholders; 404 second preferred were issued to B.M.O. creditors, of which 202 were issued to petitioner and 202 to other shareholder-creditors, and 1,097.1165 *377 second preferred were issued to other B.M.O. creditors; and 1,160 third preferred were issued in exchange for B.M.O. preferred, of which 50 shares were issued to petitioner. Thus, petitioner in the reorganization received 20 common in exchange for B.M.O. common, 75 first preferred by purchase, 202 second preferred as a creditor of B.M.O. and 50 third preferred for B.M.O. preferred. These shares, it is not disputed, became totally worthless in 1939 and petitioner sustained a loss measured by their proper basis. The Commissioner, treating the 1938 reorganization as not within the meaning of the Revenue Act of 1938, Section 112 (g), held that the loss admittedly sustained by the taxpayer when the shares became worthless in 1939 was a short-term capital loss, and therefore limited by Sections 23 (g) and 117, Revenue Act of 1938, to $32.76, the amount of net short-term capital gains on other transactions. The petitioner protests that the reorganization of 1938 was within the definition of the Revenue Act of 1938, Section 112 (g), and was, therefore, not the occasion for gain or loss upon the exchange at that time, but carried the basis from the original acquisition of the B.M.O. shares *378 through the reorganization with a consequent recognition in 1939 of the entire loss of the original cost. The Commissioner's determination must be sustained because the reorganization was not within the terms of the definition. Since the new corporation, when it acquired the old corporation's property, issued not only voting common, which went to the old shareholders, but also nonvoting preferred, which went to shareholders, creditors and purchasers for cash, the requirement that the acquisition be solely for the new corporation's shares has not been fulfilled. "Solely leaves no leeway." . After the transfer the old shareholders did not hold eighty per cent of the new shares; for the issuance to old creditors, whether they also held old shares or not, may not, for purposes of this statutory provision, be treated as if it were an issuance to shareholders. ;. See also . The *379 lack of statutory "control" also defeats the application of subdivision 112 (b) (5). When petitioner, for his B.M.O. shares and his claim for advances, received new shares of Intcas Corporation, he was entitled to a recognition of gain or loss upon a closed transaction and the new shares received at that time took their proper new basis. With this began a new period of holding the new shares as if he had purchased them at their value. Since this period from the middle of 1938 until the loss was sustained in January, 1939, was less than eighteen months, the loss was a short-term capital loss. The Commissioner's treatment of it as such was therefore correct and the 1939 deficiency upon that ground is sustained. Both parties agree without discussion that the correct determination of the tax for 1938, which also is nominally in issue, follows as a corollary of the determination for 1939. Accordingly, the determination for 1938 is reversed. Decision will be entered under Rule 50.